# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ROBERT STEVEN PRICE,

    Plaintiff,

v.                                    Case No.  5:24-cv-64-TKW/MJF

JOE PAUL, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

In this section 1983 action, the undersigned screened Plaintiff's complaint, found substantial deficiencies, and ordered Plaintiff to amend his complaint. Plaintiff ignored the undersigned's detailed instructions regarding amendment and filed an amended complaint that suffers from more deficiencies than his initial complaint. The District Court should dismiss this civil action because Plaintiff failed to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, failed to comply with the Local Rules, and failed to comply with the undersigned's order to amend the complaint.

## I. BACKGROUND

### A. Plaintiff's State Criminal Cases

In Gulf County Circuit Court Case Nos. 2019-CF-000235, 2017-CF-00113, and 2016-CF-00121, the State of Florida charged Plaintiff with: (1) one count of Sexual Battery; (2) six counts of Lewd and Lascivious Molestation; (3) two counts of Lewd and Lascivious Act/Exhibition; and (4) one count of Lewd and Lascivious Conduct, all in violation of Florida law. On or about February 18, 2022, Plaintiff pleaded guilty to each offense. Plaintiff is currently serving a term of imprisonment in the Florida Department of Corrections.

### B. Plaintiff's Original Complaint

On March 27, 2024, Plaintiff commenced this civil action against only Joe Paul, the Gulf County Florida Veteran's Service Officer. Doc. 1. Plaintiff's original complaint did not include any allegations regarding Paul. *Id.* Instead, Plaintiff complained about his conviction and his confinement.

### C. The Undersigned's Order to Amend The Complaint

The undersigned screened Plaintiff's complaint and identified several deficiencies, including the following:

- Plaintiff failed to comply with Rule 8 and provide a short plain statement of facts showing he was entitled to relief;

- to the extent Plaintiff was seeking to challenge his conviction and was seeking a speedier release from confinement, he could not obtain that relief in a section 1983 action; and

- *Heck v. Humphrey* would preclude Plaintiff from bringing claims for monetary relief to the extent that the claims—if successful—would necessarily invalidate the criminal conviction.

Because of these defects, on May 23, 2024, the undersigned ordered Plaintiff to file an amended complaint to correct the identified deficiencies. Doc. 8. Additionally, the undersigned provided Plaintiff detailed instructions to help ensure that Plaintiff complied with the Federal Rules of Civil Procedure. *Id.* at 3, 4, 8.

### D. <u>Plaintiff's Amended Complaint</u>

On June 20, 2024, Plaintiff submitted his amended complaint. It suffers from more deficiencies than Plaintiff's original complaint.

#### 1. *Plaintiff's Inconsistency in Naming Defendants*

Despite the undersigned's detailed instruction to list all of the Defendants in the case style and the "parties to the complaint" section of the complaint form, Plaintiff's case style identifies only the following Defendants: (1) Joe Paul; (2) the Fourteenth Judicial Circuit; (3) the

Fourteenth Circuit State Attorney's Office; and (4) the Gulf County Sheriff's Department. Doc. 11 at 1.

In contrast, in the "parties to the complaint" section, Plaintiff names as defendants: (1) Joe Paul; (2) the Fourteenth Judicial Circuit "Person or Municipality"; (3) the Fourteenth Circuit State Attorney's Office "Person or Municipality"; (4) his defense attorney Caren J. Bennett; (5) the Office of the Clerk of the Court "Person or Municipality"; (6) the Gulf County Sheriff's Department "Person or Municipality"; and (7) Ashley Rebecca Price. *Id.* at 2–3.

In the "statement of facts," however, Plaintiff states that Defendants also include Judges John Fishel, Timothy McFarland, Kevin Grover, Shonna Gay-Young, Devin Collier, Wade Mercer, Christopher Patterson, and Elijah Smiley. *Id.* at 4. Still later in his complaint, Plaintiff lists at least seven more Defendants: State Attorneys Glenn Hess and Larry Basford, and Assistant State Attorneys Gary Pack, J. Shad Redmond, John Maceluch, Tracy Smith, and Beverly Brown. *Id.* at 6. Plaintiff also is suing nine, unidentified sheriff's deputies. *Id.* at 8.

### 2. *Plaintiff's Failure to Identify His Claims*

Plaintiff's amended complaint also fails to identify the precise claims he is asserting against each Defendant. Nevertheless, it is apparent that the crux of Plaintiff's complaint is that his conviction is "fraudulent" because he allegedly was forced to plead guilty and Florida is unlawfully detaining Plaintiff. *Id.* at 7, 17.

### 3. *Plaintiff's Failure to Connect Claims to Defendants*

Plaintiff also fails to connect his unspecified claims to specific Defendants. Plaintiff groups his allegations against individual Defendants based on their occupations rather than the specific actions or omissions of each Defendant.

#### (a). Allegations Against State Judges

Plaintiff asserts that the eight state judges he names as Defendants engaged in a conspiracy to violate Plaintiff's rights. Doc. 11 at 4–5. Plaintiff generally alleges that one or more of these judges signed search warrants, one or more of these judges set bail in Plaintiff's state criminal cases, and that theses judges "foster[ed] tyranny" by entering orders in various civil and criminal cases in which Plaintiff was a litigant. *Id.* at 5.

### (b). Allegations Against State Attorneys

Plaintiff asserts that two state attorneys and five assistant state attorneys also participated in a conspiracy to violate Plaintiff's constitutional rights. *Id.* at 6. Plaintiff generally alleges that these individuals' misconduct caused Plaintiff to plead guilty. Plaintiff asserts that the Defendants' misconduct involved concealing exculpatory evidence and opposing motions to reduce bond. The only specific fact that Plaintiff relates to one of these individuals is that Smith advised Plaintiff that she would seek six mandatory life sentences if Plaintiff did not plead guilty. *Id.* at 6–7.

### (c). Allegations Against Sheriff Deputies

Plaintiff also generally alleges that the unnamed nine sheriff deputies violated his rights. *Id.* at 8. Plaintiff alleges that these Defendants "intended to fill a bodybag" and that there was a "show of force," which suggests that Plaintiff is asserting a claim of excessive force. *Id.* (error in original). But Plaintiff does not allege any facts to support such a claim.

Similarly, Plaintiff states that a search warrant did not mention Plaintiff's two cell phones, laptop computer, table, and wallet. Doc. 11

at 8. But it is unclear whether Plaintiff is alleging that the deputies seized these items, searched these items, or both. *Id.* (also alleging that the items had been stolen by Price). Plaintiff also asserts that the deputies failed to do a thorough investigation and falsely arrested Plaintiff. *Id.* at 9.

### (d).   Allegations Against The Clerk of The State Court

Plaintiff asserts that the Rebecca Norris—a court clerk—and her employees "recorded" court proceedings and "filed false statements in the record," including the plea documents, orders, and grievances. *Id.* at 9–10. Plaintiff also alleges that some person whom Plaintiff fails to identify provided false information to the public. Plaintiff does not identify what this false information was, when it was disclosed to the public, how it was disclosed to the public, or any other facts relating to the disclosure.

### (e).   Allegations Against Plaintiff's Attorney

Plaintiff asserts that his criminal defense attorney was incompetent because she failed to file a motion to change venue, failed to file a motion to dismiss the indictment, and failed to elicit facts that would have been favorable to Plaintiff. *Id.* at 12.

### (f).  Allegations Against Price and Paul

Plaintiff also sues Ashley R. Price because she allegedly committed perjury during the state court proceedings and that there was no evidence to corroborate her testimony. Doc. 11 at 15. Plaintiff also asserts that Joe Paul was negligent and failed to assist in any of "his core duties," which included the duty to protect Plaintiff from the "adversary mis-justice" and prevent "the malicious vindictive and frivolous prosecution of Plaintiff." *Id.* at 17.

## II. DISCUSSION

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The

court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.*

### A. Plaintiff's Amended Complaint Violates The Local Rules and The Undersigned's Order

Plaintiff's amended complaint violates the Local Rules and an order issued by the undersigned.

The Local Rules require that a *pro se* litigant utilize a complaint form-approved for use in civil rights action. N.D. Fla. Loc. R. 5.7(A). Furthermore, the undersigned ordered Plaintiff to use the "the court-approved form" for his amended complaint. Doc. 8 at 10. To assist

Plaintiff with compliance with the Local Rules and the undersigned's order, the clerk of the court sent to Plaintiff a complaint form. Plaintiff, however, did not utilize the court-approved form for his amended complaint. As such, he violated both the Local Rules and the undersigned's order. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted). The District Court also may dismiss this action for failure to comply with the Local Rules. N.D. Fla. Loc. R. 41.1.

Because Plaintiff failed to comply with the Local Rules and failed to comply with an order issued by the undersigned, the District Court should dismiss this civil action without prejudice.

**B.    Plaintiff's Amended Complaint Violates The Federal Rule of Civil Procedure**

There is a second independent reason for the District Court to dismiss this action: Plaintiff failed to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.

Under Rule 8, a civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 10, a civil complaint

filed in federal court must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and each claim must be stated in a separate count. Fed. R. Civ. P. 10(b).

The Rules are designed to ensure that a plaintiff presents "his claims discretely and succinctly" so the opposing party and the court can discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Additionally, compliance with these Rules allows the courts to "determine 'which facts support which claims,' [and] 'whether the plaintiff has stated any claims upon which relief can be granted.'" *Id.* (quoting *Weiland*, 792 F.3d at 1320). Shotgun pleadings violate these Rules and "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Plaintiff's complaint violates Rule 8 and Rule 10 in several respects. First, Plaintiff does not specify what *each* Defendant did or failed to do and how these unstated actions and omissions harmed Plaintiff. Instead,

Plaintiff merely asserts general allegations based on the parties' respective occupations. For instance, Plaintiff alleges

> [Judges] John Fishel, Timothy McFarland, Kevin Grover, Shonna Gay-Young, Devin Collier, Wade Mercer, Christopher Patterson, and Elijah Smiley acting in a chain conspiracy from 2016 until present day, did unlawfully deprive Plaintiff life, liberty, property and all of his veterans benefits.
>
> Frivolous warrants signed . . . . [T]hen knowingly left the Plaintiff homeless, while charging excessive bond . . .
>
> Each Judge had the responsibility to ensure a fair and impartial judicial process . . . . The 14 Judicial Circuit fosters tyranny and over jurisdictional reach as witnessed by Court Orders for an Injunction, a Divorce, Parental-Rights Case, home foreclosure, a Calhoun Co misdemeanor case, and Gulf CO. Case's 16-0121, 17-0113, and 19-0235.

Doc. 11 at 4–5 (errors in original).

Although in his amended complaint Plaintiff named as Defendants eight state judges, Plaintiff does not identify:

- who signed the allegedly unlawful warrants;
- when the judge(s) signed the allegedly unlawful warrants;
- to which of the four criminal cases the warrants were related; and
- who entered the relevant orders in the divorce proceedings, parental-rights case, misdemeanor case, and felony cases.

Second, Plaintiff violated Rule 10 insofar as individual paragraphs of his amended complaint are not limited to a single event or claim.

Rather, Plaintiff combines allegations regarding multiple claims, events, and Defendants in single paragraphs, thereby making them almost incomprehensible.

For example, in one paragraph, Plaintiff mentions that the eight state judges entered allegedly unlawful orders in several different cases, ranging from civil matters such as divorce proceedings to criminal felony cases. *Id.* at 5. In doing so, Plaintiff does not identify:

- the number of allegedly unlawful orders that the judges entered;
- the name of the judge who entered each of the allegedly unlawful orders;
- the dates the unspecified judges entered each order;
- the reason each order allegedly is unlawful; and
- in what respect the unspecified judges lacked jurisdiction to enter the unspecified orders.

Similarly, in another paragraph, Plaintiff asserts that five Assistant State Attorneys "tortured" Plaintiff, "lead testimony," "concealed facts of innocence," "fabricated charges in 2017 and 2019", and "stood opposed to the bond reduction motions and reinstatement." *Id.* at 6. Plaintiff, however, does not provide facts about:

- when each of these acts occurred;

- how exactly he was "tortured"; and
- which assistant state attorney was responsible for what actions.

In other words, many paragraphs of Plaintiff's amended complaint contain allegations that involve multiple incidents and Defendants. They also contain vague or conclusory allegations.

Third, Plaintiff does not specifically identify the claims he is asserting generally and against each Defendant. For example, in his "statement of jurisdiction," Plaintiff asserts that he is asserting a claim pursuant to 42 U.S.C. § 1983 because Defendants conspired to "deprive Plaintiff of his rights to Veterans Affair (V.A.) Disability Compensation." Doc. 11 at 3. He also states that *all Defendants* violated "every single Bill of Rights and 14th Amendment." *Id.* at 17.

Thus, Plaintiff's amended complaint is a so-called "shotgun" pleading in many different respects. *See generally Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (a complaint is a shotgun pleading when "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997) (noting that a rambling, "disorganized and ambiguous" complaint was a shotgun pleading because

"it is almost impossible to discern precisely what it is that these appellants are claiming."). When District Courts encounter a "shotgun" pleading they must dismiss the civil action. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (noting that district courts have inherent authority to *sua sponte* dismiss complaints that violate Rules 8 and 10 of the Federal Rules of Civil Procedure).

Because Plaintiff's complaint is an impermissible shotgun pleading that violates Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, the District Court should dismiss this civil action.

### III. Conclusion

Because Plaintiff violated the Local Rules, violated Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, and failed to comply with an order issued by the undersigned, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action **without prejudice**; and

/
/
/
/
/

2.  **DIRECT** the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida this 11th day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**